Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **BRIAN SOMMER,**<br><br>　　　　　**Plaintiff,**<br><br>　v.<br><br>**REGENCE BLUECROSS BLUESHIELD OF OREGON,**<br><br>　　　　　**Defendant.** | Case No. 3:23-cv-1140<br><br>**COMPLAINT**<br>**(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B))** |

## I.　NATURE OF THE CASE

1.

This is an action for a determination of Plaintiff Brian Sommer's ("Mr. Sommer") rights

to medical benefits and to recover such benefits, and other equitable relief, under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

2.

In or about mid-2020, Mr. Sommer was prescribed the SomnoMed *SomnoDent Classic AIR/AIR+* appliance ("SomnoDent Appliance") to treat his long-standing obstructive sleep apnea ("OSA"). In or about February 2021, Mr. Sommer stopped wearing the SomnoDent Appliance because of the onset of pain in the area of his temporomandibular joints ("TMJs"). Because of the pain, Mr. Sommer sought an evaluation from Dr. Brian Shah, a nationally-recognized TMJ surgeon, who determined that in all medical probability, the SomnoDent Appliance had caused injury to Mr. Sommer's TMJs. In December 2022, Dr. Shaw performed medically necessary bilateral TMJ arthroplasties to treat Mr. Sommer's injuries and resulting pain and other symptoms. Mr. Sommer subsequently had a dramatic reduction in his TMJ-related pain and other symptoms.

3.

Mr. Sommer sought pre-approval for the treatment of his TMJ injury through his fully-insured group medical plan, issued by Regence BlueCross BlueShield of Oregon ("Regence") to Mr. Sommer's employer, through Regence's Platinum 850 Preferred group medical benefits plan ("the Medical Plan"). The Medical Plan provides coverage for treatment to TMJs that suffer an "Injury" (as the term "Injury" is defined in the Medical Plan). Both Regence and its external physician reviewer agreed that Mr. Sommer's TMJs suffered an "Injury;" nevertheless, Regence denied Mr. Sommer's claim and ERISA appeal by erroneously relying upon an inapplicable policy exclusion. In this action, Mr. Sommer seeks a judgment overturning Regence's erroneous denial and awarding Mr. Sommer relief under ERISA.

//

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
855-284-0812503-223-7400

## II.   PARTIES

4.

**Plaintiff Brian Sommer**. Under ERISA § 3, 29 U.S.C. § 1002 (6), Mr. Sommer is an "Employee" of "Employer" Immix Law Group, PC ("Immix"), and under ERISA § 3, 29 U.S.C. § 1002(7), is a "participant" in the Medical Plan."

5.

**Defendant Regence**. Regence is an insurance company located in Portland, Oregon, and is a "fiduciary" of the Medical Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(21) because it made determinations with respect to Mr. Sommer's medical claim regarding its obligation to pay him fully-insured benefits through the Medical Plan.

## III.   JURISDICTION AND VENUE

6.

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C § 1001, et seq., ERISA § 502, 29 U.S.C. 1132(a)(1)(B), (a)(3) and (e)(1). Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, Regence resides or may be found in this district.

## IV.   STATEMENT OF FACTS

7.

In mid-2020, Stephen Carstensen, DDS, of Premier Sleep Associates, Bellevue, Washington, prescribed Mr. Sommer the SomnoDent Appliance to treat Mr. Sommer's long-standing OSA.

/ /

/ /

8.

Mr. Sommer wore the SomnoDent Appliance nightly for approximately six months, from approximately August 2020 to February 2021. He stopped wearing the SomnoDent Appliance in February 2021 because he was suffering significant pain in his TMJs, which he had never experienced before.

9.

In or about September 2022, Mr. Sommer sought evaluation of his bilateral TMJ pain by Dr. Brian Shah, a nationally-recognized TMJ surgeon, who concluded that bilateral TMJ arthroplasties and related treatment were medically necessary to treat Mr. Sommer's TMJ injuries from his use of the SomnoDent Appliance.

10.

In or about October 2022, Mr. Sommer submitted to Regence a claim for coverage through the Medical Plan of Dr. Shah's medically necessary treatment of the bilateral TMJ injury.

11.

By letter dated October 18, 2022, Regence denied coverage of Mr. Sommer's claim.

12.

On or about December 8, 2022, Dr. Shah performed medically necessary bilateral TMJ arthroplasties to treat the injuries to Mr. Sommer's TMJs.

13.

By letter dated May 30, 2023, Mr. Sommer appealed Regence's claim denial pursuant to ERISA.

14.

By letter dated July 5, 2023, Regence denied Mr. Sommer's ERISA appeal and affirmed its October 18, 2022 denial decision.

## V.     CLAIMS

### FIRST CLAIM -- CLAIM FOR BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA, § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)

15.

Mr. Sommer realleges all of the above paragraphs.

16.

Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Mr. Sommer seeks to recover benefits due under the Medical Plan that were wrongfully denied and withheld by Regence and to enforce his rights under the terms of the Medical Plan.

### SECOND CLAIM -- CLAIM TO ENFORCE TERMS OF THE PLAN UNDER ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

17.

Mr. Sommer realleges all of the above paragraphs.

18.

ERISA imposes strict fiduciary duties upon plan fiduciaries, including Regence. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), states in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries…."

19.

Regence failed to act in accordance with the documents and instruments governing the Medical Plan, thereby breaching its fiduciary duty to Mr. Sommer.

20.

As a direct and proximate result of Regence's acts and omissions, Mr. Sommer has suffered losses, and seeks equitable relief compelling Regence to restore to him all losses, including interest, arising from Regence's breaches of its fiduciary duties.

21.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b), Mr. Sommer seeks equitable remedies, including, without limitation, relief resulting from Regence's unjust enrichment, as well as disgorgement, restitution, estoppel, surcharge, and/or injunctive or declaratory relief arising out of their failure to administer the terms of the Medical Plan.

### THIRD CLAIM -- CLAIM FOR LEGAL FEES AND COSTS
### UNDER ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)

22.

Mr. Sommer realleges all of the above paragraphs.

23.

Mr. Sommer is entitled to recover his legal fees and costs under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

### REQUEST FOR RELIEF

**WHEREFORE**, Mr. Sommer respectfully requests that the Court:

1. Enter judgment in Mr. Sommer's favor and against Regence, establishing Mr. Sommer's right to receive benefits under the Medical Plan and enforcing the terms of the Medical Plan, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

2. Enter judgment in Mr. Sommer's favor and against Regence, awarding Mr. Sommer damages in an amount to be proven at trial due to Regence's failure to provide benefits due under the Medical Plan, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

3. Enter judgment in Mr. Sommer's favor and against Regence, awarding Mr. Sommer other appropriate equitable relief to redress violations of ERISA and/or enforce plan terms, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

4. Enter judgment in Mr. Sommer's favor and against Regence, awarding Mr. Sommer his legal fees and costs, pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2);

5. Enter judgment in Mr. Sommer's favor and against Regence awarding Mr. Sommer such other relief as is just and proper.

DATED: August 4, 2023.

Respectfully Submitted,

s/ Megan E. Glor
Megan E. Glor, OSB No. 930178
megan@meganglor.com
Phone: (503) 223-7400
Fax: (503) 751-2071
Attorney for Plaintiff Brian Sommer